Roy LILLY, Plaintiff–Appellant,

v.

ROADWAY EXPRESS, INC.,
Defendant–Appellee.

No. 00–1973.

United States Court of Appeals,
Seventh Circuit.

Argued March 7, 2001.

Decided March 28, 2001.

Before Hon. DIANE P. WOOD, Hon. TERENCE T. EVANS, Hon. WILLIAMS, Circuit Judges.

ORDER

Roy Lilly, an African American, sued his employer, Roadway Express, Inc., for discrimination, retaliation, and harassment under 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act) and 42 U.S.C. § 1981. The district court, Judge William J. Hibbler, granted summary judgment in Roadway's favor in a comprehensive, 40–page order that discussed 33 allegedly discriminatory events. Lilly appeals, challenging only the denial of his Title VII hostile work environment claim.

■ Lilly's sole contention on appeal is that the district court erred in analyzing his hostile work environment claim because it looked not at the "totality of the circumstances" but instead considered each alleged incident of harassment in isolation. Lilly is correct that a court must evaluate a hostile work environment claim by examining the totality of the circumstances and may not carve up a claim into discrete incidents and analyze each separately for severity or pervasiveness. *Mason v. Southern Ill. Univ.*, 233 F.3d 1036, 1045 (7th Cir.2000). And here, after examining each alleged incident of discrimination, the district court did not expressly

state that no hostile work environment existed under the totality of the circumstances. The district court, however, did find that most, if not all, of the acts of which Lilly complained were nondiscriminatory, and we can infer from those findings that the alleged discrimination was simply too infrequent to create a hostile work environment.

As part of his hostile work environment claim, Lilly was required to show that he was harassed "because of" his race. Although the complained-of conduct need not be explicitly racial, a plaintiff must show that the conduct has a racial character or purpose. *Hardin v. S.C. Johnson & Son, Inc.,* 167 F.3d 340, 345 (7th Cir.1999). In opposing Roadway's summary judgment motion, Lilly cited numerous incidents he perceived as discriminatory, including disciplinary actions, various comments by coworkers (for example, Lilly overheard one coworker say that another coworker looked like a "starving Ethiopian"), and "surveillance" of Lilly by a supervisor. But most of the incidents discussed by Lilly do not have a racial character or purpose. *See id.* at 345–46; *Vore v. Indiana Bell Tel. Co.,* 32 F.3d 1161, 1161 (7th Cir.1994), *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1308 (7th Cir. 1989). The only incidents Lilly identified that are directed at his race are the coworkers' use of the racial epithet "nigger," which was never uttered in his presence, and one coworker's stray reference to him as a "black ass" during a meeting that Lilly did not attend. But stray remarks and the random use of a racial epithet are insufficient to support a hostile environment claim. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *McPhaul v. Board of Com'rs,* 226 F.3d 558, 567 (7th Cir.2000). Given the infrequency of discriminatory conduct, Lilly could not show that under the totality of the circumstances he was exposed to a hostile work environment.

Accordingly, the judgment of the district court is AFFIRMED.